## COMPLAINT FOR SEARCH WARRANT

STATE OF WISCONSIN    )
                     ) ss.    In the Circuit Court of the
COUNTY OF DANE        )       County of Dane.

Detective Samantha Kellogg, being duly sworn, complains to the said Court of the County of Dane, that on May 29, 2024, in the County of Dane, that there are now located and concealed in and upon certain premises and persons unknown within said premises, in the city of Madison in said Dane County, Wisconsin, and more particularly described as follows:

1237 Rutledge St is located in the city of Madison, Dane County, WI. 1237 Rutledge St is a 3-story single family residence. The exterior of 1237 Rutledge St consists of beige siding with red trim and there is a full front porch across the front of the house with stairs leading up to the porch on the left (north corner). The front door and main entrance to 1237 Rutledge St are on the left side of the porch as you approach the house. The front door is brown with 6 small windows at the top, one of the panes is covered with plywood. There is a black mailbox to the right of the door. Three-inch-high white numbers "1237" are located on a black mailbox to the right of the front door. This residence is occupied by the owner on the first floor with locked rooms on the second floor for other occupants. There is a common hallway on the first floor with stair leading to a common hallway on the second floor. At the top of the stairs are 2 rooms with deadbolts that are occupied by tenants that are associated with a blue Ford Escape WI plate AVT1716 as pictured below.

1237 Rutledge St from the street facing east:        From Google maps:



Signed warrant w/o DCI Statement 4:13 pm 5/29/24

Ex. 2, Second Warrant Application and Warrant

Upstairs rooms that are associated with M/B tenant who drives the blue Ford Escape:



Where in shall be found, certain things, to-wit:

Heroin and Methamphetamine, its derivatives and any other controlled substance, paraphernalia associated with the storage and distribution of controlled substances, including but not limited to, scales, drug packaging materials, and buyers and seller's lists. Also, documents tending to identify the occupant in control of said premises, including but not limited to, utility bills, rent receipts, personal correspondence, photographs, keys, and telephone bills. Also, additional items tending to evidence drug trafficking, including but not limited to, U.S. currency and other containers associated with the sale and distribution of controlled substances. Also, any and all firearms and ammunition. Also, electronic equipment and devices including but not limited to computers, and cellular phones and any memory data contained therein which evidence possible illegal drug use and/or dealing.

Also, any locked safes/containers inside the premises as well as storage areas or lockers associated with Shavarim Wicks at 1237 Rutledge St, Madison, WI.

Also, a 2015 Ford Escape SUV, bearing WI Plate AVT1716 and VIN# 1FMCU9J97FUA76279 known to be operated by Shavarim Wicks.

Also, DNA buccal swabs from Shavarim Wicks, M/B, DOB [Redact]78. In the event he is not compliant with the collection of this search warrant via buccal swabs, the collection may be

Ex. 2, Second Warrant Application and Warrant

completed via a blood draw for DNA by a medical professional, at a medical facility, to reduce the risk of illness or injury to Wicks as well as the persons executing this warrant. This sample will be used to compare any DNA samples we collect from the packaging materials in previous controlled buys as well as any evidence found during the warrant.

which things may constitute evidence of a crime, to-wit: Manufacture/Deliver Heroin and Manufacture/Deliver Methamphetamine committed in violation of Section(s) 961.41(1)(d) and 961.41(1)(e) of the Wisconsin Statutes and prays that a Search Warrant be issued to search said premises and persons unknown within said premises for the property aforesaid. That the facts tending to establish grounds for issuing a Search Warrant are as follows:

**FACTS**

Your complainant is a detective with the Madison Police Department and have been assigned to the Dane County Narcotics Task Force since February 2022. Your complainant has been employed by the City of Madison Police Department for 29 years and has been a Detective specializing in Financial, Sensitive, Computer and Person Crimes for 23 years. Your complainant spent 6 years as a Detective assigned to the Special Investigations Unit which worked with repeat violent offenders many of whom were prolific drug related offenders. Your complainant has experience interviewing individuals involved in illegal drug using/selling, drug user and seller customs and habits, drug identification, drug concealment methods, surveillance operations and high-risk contacts.

Your complainant has worked with various local, state, and federal law enforcement agencies while participating in the investigation of Drug Trafficking Organizations (DTO's). Your complainant is aware that the goal of these types of investigations is to identify, disrupt, and dismantle the drug trafficking organizations and related crimes, such as money laundering, weapon violations and violent crime. Your complainant attended numerous trainings related to drug investigation including Responding to Fentanyl in April 2023, Midlevel Drug Interdiction in May 2022 and Street Level Drug Interdiction/Surveillance training in 2017 as well as receiving specialized training in drug investigations including the identification and field testing of controlled substances from the Madison Police Department, as well as a 500 plus hour pre-service academy.

Your complainant has participated in numerous search warrant executions during her law enforcement career and has drafted numerous search warrants and subpoenas. These warrants and subpoenas have been approved by the Dane County District Attorney's Office, the US Attorney's Office, Dane County Circuit Court Judges and federal magistrates.

Your complainant is conducting or assisting with a criminal investigation involving the offense(s) of Manufacture/Deliver Heroin and Manufacture/Deliver Methamphetamine committed in violation of Section(s) 961.41(1)(d) and 961.41(1)(e).

Your complainant makes this affidavit upon information and belief based upon her training and experience, her personal knowledge or information provided to her by fellow law enforcement officers or citizen witnesses, Madison Police and Dane County Sheriff's Office or other law enforcement agency reports, official law enforcement databases or all of the above.

Based on your complainant's training and experience, she knows the following:

Ex. 2, Second Warrant Application and Warrant

a. That drug traffickers often place assets in names other than their own to avoid detection of these assets by governmental agencies;

b. That even though these assets are in other person's names, the drug traffickers continue to use these assets and exercise dominion and control over them;

c. That individuals who derive their income or a large portion of their income from the sale of controlled substances commonly maintain on hand large amounts of U.S. currency in order to maintain and finance their on-going narcotics business;

d. That drug traffickers often maintain books, records, receipts, bank statements, documents relating to safety deposit boxes and other documents evidencing money transactions.

e. That it is common for drug traffickers to conceal contraband, proceeds of drug sales, large amounts of currency, financial instruments and records of drug transactions in secure locations within their residence or business for ready access and to conceal those items from law enforcement authorities;

f. That drug traffickers commonly maintain address or telephone numbers in books or papers which reflect names, addresses and/or telephone numbers of their associates in the drug trafficking organization.

g. That drug traffickers commonly maintain in their possession firearms at both their residence, place of distribution of controlled substances, and vehicles used by drug traffickers to facilitate the distribution of controlled substances and to protect themselves from other drug traffickers or law enforcement officers. Your complainant has personally observed numerous firearms in the aforementioned places during the execution of search warrants and during the course of drug investigations to include when there has been no prior evidence of their presence.

h. The possession of a firearm, in furtherance of a drug trafficking offense, is illegal under Federal Statute 18 USC section 924(c). In addition, it is illegal for a convicted felon to possess a firearm in the state of Wisconsin.

i. That drug traffickers often possess papers, utility bills, telephone bills, photographs, etc., which tend to identify them as occupants of said residence or business.

j. That drug traffickers often possess packaging materials, scales, diluents and other paraphernalia associated with the storage and distribution of controlled substances. Such packaging materials typically include baggies, torn or cut-off baggie corners, vials, cut-out pieces of paper from magazines to be folded in the shape of pharmaceutical folds. Such diluents include Inositol and Mannitol.

k. That drug traffickers often possess a variety of controlled substances, including but not limited to, heroin, marijuana, LSD, heroin, prescription drugs, etc.

l. That individuals engaged in drug trafficking often use motor vehicles to facilitate the transportation and sale of controlled substances.

Ex. 2, Second Warrant Application and Warrant

m. That individuals engaged in drug trafficking often conceal evidence of drug trafficking within motor vehicles, and that such vehicles often contain secret compartments utilized to store and conceal controlled substances.

n. That individuals engaged in drug trafficking often utilize vehicles which are not registered in their own names to facilitate the transportation, sale, or concealment of controlled substances.

o. That individuals engaged in drug trafficking often utilize other individuals who associate with narcotics traffickers to assist in the possession and concealment of narcotics and associated paraphernalia, and that these individuals often possess evidence of narcotics possession, use and/or trafficking on their persons. Your complainant states that in numerous search warrants targeting narcotics users or traffickers in which your complainant participated, your complainant observed numerous individuals who were present who possessed controlled substances and drug-related paraphernalia on their persons; and that these persons include but are not limited to persons helping with the sales of controlled substances, potential drug buyers, and drug users.

p. That individuals engaged in drug trafficking often conceal evidence of drug trafficking on their person(s).

q. That during the execution of a search warrant targeting drug traffickers, evidence of individuals identity and ownership of vehicles and property, location of residence or business, are often located in the form of driver's licenses, vehicle registration forms, rent receipts, etc.

r. That individuals engaged in drug trafficking often accept stolen property in exchange for controlled substances.

s. That drug traffickers often use storage lockers and utility buildings to conceal controlled substances.

t. That individuals who engage in narcotics trafficking often take electronic equipment in trade for narcotics.

u. That individuals engaged in narcotics trafficking and their associates often possess electronic devices, such as computers and cell phones, which are utilized by narcotics traffickers and their associates; that computers, and/or cell phones often have electronic memory capabilities, and that such electronic memory often contains evidence of narcotics trafficking, such as telephone numbers and/or other information of other individuals who assist the narcotics traffickers in the distribution and/or purchases of narcotics; that these telephone numbers and other memory information provide additional information to law enforcement concerning the extent of any narcotics trafficking activities as well as identifying other individuals engaged in narcotics trafficking with the individual possessing the electronic devices.

v. Your complainant knows that individuals who engage in narcotics trafficking often possess evidence of narcotics trafficking in their residences, businesses and vehicles, such evidence including such items as scales, packaging materials,

Ex. 2, Second Warrant Application and Warrant

|     |     |
| --- | --- |
|     | diluents, firearms, U. S. currency, names and address records of their narcotics trafficking associates, etc. Your complainant states that these items are often present in trafficker's residences and vehicles, whether or not the actual narcotics transactions take place within the trafficker's residence, business and vehicles. |
| w.  | Your complainant knows that people that handle evidence, and other items, can leave a sample of their DNA. Your complainant knows that DNA can be recovered off of those items and used to identify the handler of those items. |

Your complainant knows that Heroin and Methamphetamine are Scheduled Controlled Substances under the Wisconsin Uniform Controlled Substances Act.

## CASE OVERVIEW

In March 2024, your complainant received information from a confidential source that a person who goes by the name of "Jeff" with phone # 608-520-0563 was selling Heroin in Madison. Using Law Enforcement records associated with the phone number, your complainant was able to ID "Jeff" as Jeffrey L Thompson, DOB [Redacted]/83, who had a prior address of 4130 Alvarez Av in the Town of Blooming Grove, Dane County, WI.

**Buy #1:**
Based on this information, your complainant elected to have Madison Police Undercover Officer 228, (UC 228), attempt to contact "Jeff" at 608-520-0563 and attempt to set up a controlled transaction to purchase $100 worth of illegal narcotics. UC 228 made contact on March 18, 2024, with a male sounding voice and a transaction was arranged. Det Leslie Keith conducted the controlled buy on that date and completed a police report, which your complainant reviewed.

UC 228 was directed by the male sounding voice at 608-520-0563 to the area of the 4000 block of Milwaukee St in the City of Madison. UC 228 contacted the source upon arrival and a person later ID'd as Jeffery L Thompson, DOB [Redacted]-83 got into UC 228's vehicle and provided 1 baggie corner containing a brown rock like substance in exchange for $100 of pre-recorded buy money. Thompson left UC 228 and walked on foot to the area of Alvarez Ave in Madison.

Det Keith followed UC 228 to the Task Force evidence room where Det Keith examined the substance. Det Keith removed the brown substance from the packaging and weighed the substance and noted the total weight without packaging to be 1.1 grams and field tested the substance which came back with a presumptive positive result for both Heroin and Fentanyl using Narcotic Analysis Reagent test kits for Heroin #11 and the Fentanyl #33 kit. Later after the transaction, UC 228 viewed DCJ photos of Jeffrey L Thompson and ID'd Jeff Thompson as the person who provided the Heroin to UC 228.

**Buy #2:**
On 3/26/24, your complainant asked UC 228 to arrange another purchase of Heroin from "Jeff." UC 228 called the phone number above used by Thompson to initiate another controlled transaction and attempt to purchase $100 worth of Heroin/Fentanyl. UC 228 was directed to the same location in the 4000 block of Milwaukee St in Madison. UC 228 arrived and met with Thompson who got into UC 228's vehicle. UC 228 exchanged $100 of recorded buy money for 1 baggie corner of a tan powder substance. DCNTF members observed Thompson get out of UC 228's vehicle following the buy and eventually walked back to his apartment at 4130 Alvarez Ave. where he went inside.

Ex. 2, Second Warrant Application and Warrant

Your complainant followed UC 228 to the Task Force evidence room where your complainant examined the substance. Your complainant removed the tan substance from the packaging and weighed the substance and noted the total weight without packaging to be 1.2 grams and field tested the substance which came back presumptive positive for Heroin and Fentanyl using the Heroin and Fentanyl/Heroin reagent test kits.

**Buy #3:**
On 3/28/24, your complainant asked UC 228 to initiate another controlled transaction and attempt to purchase $200 worth of Heroin from Jeff Thompson as before. UC 228 contacted the Thompson and was directed to the same place in the 4000 block of Milwaukee St. Thompson's address through MPD contacts is 4130 Alvarez Ave and Thompson has been seen on previous buys going into this address. On this day, Thompson is seen doing maintenance work around the property and coming and going from that address. 4130 Alvarez is directly next to the buy location in the 4000 block of Milwaukee St.

Thompson walked up to UC 228 and took the $200 of recorded buy money from UC 228 and said he was waiting for his source who would be there soon. Task Force personnel observed the Blue Ford Escape, bearing WI plate AVT 1716 drive up to Thompson's garage. Thompson got inside and drove a short distance away. Thompson got out and then ran back to UC 228 and the Escape left the area with only the driver in the vehicle. Thompson then gave UC 228 a baggie corner containing a dark grey powder that was in exchange for the $200. UC 228 left the area. DCNTF personnel followed the Ford Escape to the area of Baldwin and Mifflin where a female got in the car and got out a block away consistent with short term drug traffic. The vehicle was last seen in the area of Baldwin and Williamson St. The blue Ford Escape with WI plate AVT 1716 is registered to an Tokea S Miller in Madison according to WI DOT records. Task Force personnel took a photo of the driver who was a M/B with a bushy white beard.

Your complainant followed UC 228 to the Task Force evidence room where your complainant examined the substance. Your complainant removed the dark grey substance from the packaging and weighed the substance and noted the total without packaging to be 1.0 grams and field tested the substance which came back presumptive positive for Heroin and Fentanyl using Narcotic Analysis Reagent kits.

**Buy #4:**
On 4/4/24, your complainant asked UC 228 to initiate another controlled transaction and attempt to purchase Heroin from Thompson at the same phone number and they agreed to meet in the same location as previous buys. I obtained $170 of recorded buy money and gave it to UC 228. UC 228 arrived the 4000 block of Milwaukee St and had contacted the target by text. Thompson met with UC 228 and took the agreed upon $170 of recorded buy money and said he was waiting for his source. The same blue Ford Escape with WI plate AVT 1716 arrived and picked up Thompson in front of 4130 Alvarez, Thompson got in and they drove a short distance and Thompson got out. He then went back to UC 228 and delivered him a baggie containing a dark grey substance for the $170.

UC 228 left the area. DCNTF personnel followed the Ford Escape to St Paul Ave where it met with a female briefly consisted with short term drug traffic. The vehicle then drove to the Porchlight shelter near East Towne where it stopped briefly and then drove inbound on E Washington Ave.

Your complainant followed UC 228 to the Task Force evidence room where your complainant examined the baggie obtained by UC 228 from Thompson. Your complainant removed the grey

Ex. 2, Second Warrant Application and Warrant

PURNELL ET AL_074815

substance from the package and weighed the substance. The total weight without packaging to be 1.0 grams. The substance was field tested by your complainant using the Heroin and the Fentanyl test kits and it tested positive for Fentanyl.

**Buy #5:**

On 4/11/24, your complainant asked UC 228 to initiate another controlled transaction and attempt to purchase Heroin from Thompson at the same phone number and they agreed to meet in the same location as previous buys. I obtained $170 of recorded buy money and gave it to UC 228. UC 228 arrived the 4000 block of Milwaukee St and had contacted the target by text. Thompson met with UC 228 and took the agreed upon $170 of recorded buy money and said he was waiting for his source. Thompson left the area, but Task Force personnel were unable to see there Thompson went. He returned a short time later to UC 228 and delivered them a baggie containing a dark purple substance for the $170. UC 228 asked if Thompson could get other drugs from his source and Thompson told UC 228 that his source could get "pounds" of "up" which is the street name for Methamphetamine.

Your complainant followed UC 228 to the Task Force evidence room where your complainant examined the baggie obtained by UC 228 from Thompson. Your complainant removed the purple substance from the package and weighed the substance. The total weight without packaging to be 1.0 grams. The substance was field tested by your complainant using the Heroin and the Fentanyl test kits and it tested presumptive positive for Heroin and Fentanyl.

**Buy #6:**

On 4/25/24, your complainant asked UC 228 to initiate another controlled transaction and attempt to purchase Heroin and Methamphetamine from Thompson and they agreed to meet in the same location as previous buys. I obtained $300 of recorded buy money and gave it to UC 228. UC 228 arrived the 4000 block of Milwaukee St and had contacted the target by text. Thompson met with UC 228 and took the agreed upon $300 of recorded buy money and said he was waiting for his source. The same blue Ford Escape with WI plate AVT 1716 arrived and picked up Thompson in front of 4130 Alvarez, Thompson got in and they drove a short distance and Thompson got out. Thompson then went into his apartment later telling UC 228 he had to repackage the Methamphetamine as it was breaking through the package provided by source. Thompson came out a short time later and went back to UC 228 and delivered them a baggie containing a dark grey substance for $100 of buy money and a baggie containing a clear crystal substance for $200 of buy money.

UC 228 left the area. DCNTF personnel followed the Ford Escape to downtown Madison where the car stopped for a few minutes near the US Federal Courthouse then followed the car to Festival Foods on E Washington Ave where a black male was observed exiting the vehicle and returned later with groceries. Task Force personnel then followed the vehicle and its sole male occupant to 1237 Rutledge St in the City of Madison. Your affiant observed the black male park in front of this address and go inside the residence with his groceries after bringing the trash containers to the house from the street.

Your complainant followed UC 228 to the Task Force evidence room where your complainant examined the baggies obtained by UC 228 from Thompson. Your complainant removed the grey substance from the package and weighed the substance. The total weight without packaging was 0.7 grams. The substance was field tested by your complainant using the Heroin field test kit and it tested positive for Heroin. Your complainant removed the clear crystal substance from the packaging and weighed the substance noting the total weight to be 6.6 grams and tested the

substance using the Methamphetamine testing pouch and found it was positive for Methamphetamine.

**Buy #7:**
On May 1, 2024, I observed the same person seen on Buy 6 at the Festival foods coming out of 1237 Rutledge and walk to the Ford Escape. I then observed a M/B with a white beard drive up and have short conversation and contact with the driver and then both left the area. On May 2, 2024, a GPS device was placed on the Ford Escape bearing WI plate AVT 1716 as part of a Dane County Circuit Court order signed by Dane County Circuit Court Judge Genovese.

On 5/2/24, your complainant asked UC 228 to initiate another controlled transaction and attempt to purchase Heroin and Methamphetamine from Thompson and they agreed to meet in the same location as previous buys. I obtained $300 of recorded buy money and gave it to UC 228. UC 228 arrived the 4000 block of Milwaukee St and had contacted the target by text. Thompson met with UC 228 and took the agreed upon $300 of recorded buy money and said he was waiting for his source. At that time the GPS on the blue Ford Escape with WI plate AVT 1716 was parked in front of 1237 Rutledge St. A short time later, the GPS indicated the blue Ford Escape with WI plate AVT 1716 was moving, and the vehicle drove directly to 4130 Alvarez Av where I observed it park in front of the garages. I saw the driver and only occupant who I recognized as the same person from the previous buy who went to Festival Foods. A few minutes later, Thompson came out of his apartment and got into the Ford Escape. It remained parked and a minute later, Thompson got out of the car and went into his house. Thompson came out a short time later and went back to UC 228 and delivered him a baggie containing a dark grey substance for $100 of buy money and a baggie containing a clear crystal substance for $200 of buy money. Jeff was observed eventually returning to his apartment at 4130 Alvarez Ave.

DCNTF personnel followed the Ford Escape and its sole male occupant to 1237 Rutledge St in the City of Madison and observed the black male park in front of this address and go inside the residence.

Your complainant followed UC 228 to the Task Force evidence room where your complainant examined the baggies obtained by UC 228 from Thompson. Your complainant removed the grey substance from the package and weighed the substance. The total weight without packaging to be 0.7 grams. The substance was field tested by your complainant using the test kit and it tested presumptive positive for Heroin. Your complainant removed the clear crystal substance from the packaging and weighed the substance noting the total weight to be 6.1 grams and tested the substance using the Methamphetamine testing pouch and found it was presumptive positive for Methamphetamine.

Thompson said that he has bought from the same source for years, however recently this source has been sending a new person to make deliveries. Thompson still contacts the same source, but the new person makes deliveries for the source.

**Buy 8:**
On 5/14/24, your complainant asked UC 228 to initiate another controlled transaction and attempt to purchase Heroin and Methamphetamine from Thompson. UC 228 contacted Thompson, and they agreed to meet in the same location as previous buys. I obtained $300 of recorded buy money and gave it to UC 228. UC 228 arrived the 4000 block of Milwaukee St and had contacted the target by text. Thompson came out a short time later and went to UC 228 and delivered him a baggie containing a baggie with a dark grey substance and a baggie containing a clear crystal substance for $300 of buy money.

Ex. 2, Second Warrant Application and Warrant

Your complainant followed UC 228 to the Task Force evidence room where your complainant examined the baggies obtained by UC 228 from Thompson. Your complainant removed the grey substance from the package and weighed the substance. The total weight without packaging was 0.7 grams. The substance was field tested by your complainant using the Heroin and it tested presumptive positive for Heroin. Your complainant removed the clear crystal substance from the packaging and weighed the substance noting the total weight to be 6.1 grams and tested the substance using the Methamphetamine testing pouch and found it was presumptive positive for Methamphetamine.

Prior to Buy #8, Madison Police Officer Tom Dahms stopped the blue Ford Escape with WI plate AVT 1716 on E Washington Ave for a traffic violation. Officer Dahms ID'd the driver as Shavaram J Wicks, M/B, [Redact]/78. Officer Dahms viewed the surveillance video from Festival Foods as well as video of the driver returning to 1237 Rutledge and confirmed the driver of the Escape at the time of the stop was Wicks.

**GPS Observations:**
Since May 2, 2024, your complainant observed the daily path of the Ford Escape bearing WI plate AVT 1716 via GPS data. The vehicle routinely parks in front of 1237 Rutledge St. from approximately 9-10:30 PM until 9:30 AM in the morning. I have observed the vehicle parked in this location during this time and have seen the person ID'd as Wicks driving the vehicle in that area during surveillance. Wicks had an IL photo ID and told Officer Dahms that he had only been in Madison for a few months and lived at 1115 E Wilson St. #414. This is the registered address for the vehicle.

Wicks drives the vehicle continuously during the day around the north and east side of Madison and frequents on a regular basis numerous locations and residences that are known drug houses and have frequent short term drug traffic. These places include public parking lots where DCNTF has observed regular drug transactions as well as private locations in which your complainant has received anonymous and identified informant information about drug sales at those locations. According to GPS data the vehicle makes daily stops at these locations for 1-3 minutes and drives to those locations directly. The vehicle returns to the house for brief periods in between trips to known drug locations. The GPS data showed the vehicle going to 4130 Alvarez Ave at least 22 times from May 2 to May 21 with most stops being under 5 minutes.

**1237 Rutledge St. in Madison:**
According to City of Madison Assessor website, this house is zoned as TR-C4- Traditional residential. There are no exterior apartment numbers or indications of rented apartments. The owner is Susan C LaCava and the property type is listed as a single-family home with three bedrooms and three bathrooms with 990 sq ft of living area on both 1ST and 2ND floors. From Madison Police records I located two police reports from this address. I reviewed Officer Ben Enstrom's report from 2022 and spoke to him about his recollections of the house, he recalled Susan LaCava occupied most of the first floor and there were several locked doors upstairs for people who rented rooms. I have observed Shavarim Wicks use keys to enter the front door of this address on several occasions in May 2024, most recently May 21st. On May 29, 2024, Detective Dan Feeney contacted the owner, Susan LaCava, who was unable to positively ID any of her tenants upstairs. LaCava occupies the first floor and rents the upstairs to a Jay Purnell and a friend of Purnell's whom she doesn't know. Another tenant, Gerald Harris, said both Jay and Fresh are the tenants and are associated with the Ford Escape. Other information from a CI indicated that Wicks is known as Fresh and lives with someone named Jay, and both are involved

Ex. 2, Second Warrant Application and Warrant

in drug sales. Harris pointed out both rooms that are associated with Jay and Harris as listed above.

**Request to Seal:**
Your complainant has cause to believe that because this is an ongoing investigation into the Deliver and Manufacture of Heroin and Methamphetamine mentioned herein involving suspect Shavarim J Wicks. Your complainant believes that the information contained in the Affidavit will identify evidence and other targets of the investigation, and that public disclosure of this information will jeopardize gathering further evidence and may cause the target(s) and other possible suspects to flee the jurisdiction, destroy evidence, tamper with evidence, conceal evidence, attempt to get witnesses to conform their testimony, and cause inadvertent disclosure of personal identifying information and data. Your complainant requests non-disclosure by the clerk of courts until or unless disclosure is required in furtherance of the investigation or criminal charges are filed relating to the matter set forth in the affidavit.

**Additional information:**

Your complainant believes the information provided by UC 228 and personnel from the Dane County Narcotics Task Force to be reliable inasmuch as they are sworn law enforcement officers and gathered this information in the course of their official duties.

Your complainant believes that the information received from records kept by the Dane County Sheriff's Office to be accurate and reliable inasmuch as the information is kept in the normal course of business. Your affiant believes that the police reports of Detective Leslie Keith and PO Enstrom to be reliable as they were made in the normal course of their duties as law enforcement officers in the State of Wisconsin. Your affiant believes that information provided by Det Dan Feeney to be reliable as they were made in the normal course of their duties as law enforcement officers in the State of Wisconsin.

Your complainant believes that records provided by the Department of Transportation and the TIME system and the City of Madison Assessor's website to be reliable as they are kept in their normal course of business as government records agencies and have been found to be reliable in the past.

Your complainant believes information provided by Susan LaCava and Gerald Harris as they were made as a citizen witnesses.

Your complaint believes the information from the video systems for internal Task Force recording equipment to be accurate and reliable inasmuch as it has proven to be correct and accurate in conjunction with physical surveillance.

Ex. 2, Second Warrant Application and Warrant

Your complainant believes the Narcotics Analysis Reagent Kit field tests to be reliable inasmuch as they are field tests utilized and accepted by the Wisconsin State Crime Laboratory to determine, on a preliminary basis, the presence of Heroin and Methamphetamine. The information contained herein is true to the best of my knowledge and belief.

Your affiant knows the analysis of evidence for deoxyribonucleic acid (DNA) can play critical role in the investigation of possession types of criminal offenses. I have participated in dozens of investigations in which DNA reference samples collected from suspect either voluntarily or through a search warrant were compared against DNA samples collected from physical evidence relevant to the cases. These comparisons can be of great value in either including or excluding suspects from possessing items but are not always dispositive on the issue of identification. This is especially true for DNA evidence on guns and drug packaging material.

**WHEREFORE, your complainant asks that a Search Warrant be issued to search said premises and persons unknown within said premises, for the property listed.**

Samantha Kellogg
Detective
Madison Police Department

Subscribed and sworn to before me
This 28th day of May, 2024.

Notary Public, State of Wisconsin

My Commission: 4/7/25

Ex. 2, Second Warrant Application and Warrant

## SEARCH WARRANT

STATE OF WISCONSIN    )
                      ) ss.    In the Circuit Court of the
COUNTY OF DANE        )        County of Dane.

Detective Samantha Kellogg, being duly sworn, complains to the said Court of the County of Dane, that on May 28, 2024, in the County of Dane, that there are now located and concealed in and upon certain premises and persons unknown within said premises, in the city of Madison in said Dane County, Wisconsin, and more particularly described as follows:

1237 Rutledge St is located in the city of Madison, Dane County, WI. 1237 Rutledge St is a 3-story single family residence. The exterior of 1237 Rutledge St consists of beige siding with red trim and there is a full front porch across the front of the house with stairs leading up to the porch on the left (north corner). The front door and main entrance to 1237 Rutledge St are on the left side of the porch as you approach the house. The front door is brown with 6 small windows at the top, one of the panes is covered with plywood. There is a black mailbox to the right of the door. Three-inch-high white numbers "1237" are located on a black mailbox to the right of the front door. This residence is occupied by the owner on the first floor with locked rooms on the second floor for other occupants. There is a common hallway on the first floor with stair leading to a common hallway on the second floor. At the top of the stairs are 2 rooms with deadbolts that are occupied by tenants that are associated with a blue Ford Escape WI plate AVT1716 as pictured below.

1237 Rutledge St from the street facing east:        From Google maps:



Ex. 2, Second Warrant Application and Warrant

Upstairs rooms that are associated with M/B tenant who drives the blue Ford Escape:



Where in shall be found, certain things, to-wit:

Heroin and Methamphetamine, its derivatives and any other controlled substance, paraphernalia associated with the storage and distribution of controlled substances, including but not limited to, scales, drug packaging materials, and buyers and seller lists. Also, documents tending to identify the occupant in control of said premises, including but not limited to, utility bills, rent receipts, personal correspondence, photographs, keys, and telephone bills. Also, additional items tending to evidence drug trafficking, including but not limited to, U.S. currency and other containers associated with the sale and distribution of controlled substances. Also, any and all firearms and ammunition. Also, electronic equipment and devices including but not limited to computers, and cellular phones and any memory data contained therein which evidence possible illegal drug use and/or dealing.

Also, any locked safes/containers inside the premises as well as storage areas or lockers associated with 1237 Rutledge St #C, Madison, WI.

Also, a 2015 Ford Escape SUV, bearing WI Plate AVT1716 and VIN# 1FMCU9J97FUA76279 known to be operated by Shavarim Wicks

Also, DNA buccal swabs from Shavarim Wicks, M/B, DOB [Redacted]78. In the event he is not compliant with the collection of this search warrant via buccal swabs, the collection may be

Ex. 2, Second Warrant Application and Warrant

completed via a blood draw for DNA by a medical professional, at a medical facility, to reduce the risk of illness or injury to Wicks as well as the persons executing this warrant. This sample will be used to compare any DNA samples we collect from the packaging materials in previous controlled buys as well as any evidence found during the warrant.

which things may constitute evidence of a crime, to-wit: Manufacture/Deliver Heroin and Manufacture/Deliver Methamphetamine committed in violation of Section(s) 961.41(1)(d) and 961.41(1)(e) of the Wisconsin Statutes and prays that a Search Warrant be issued to search said premises and persons unknown within said premises for the property aforesaid. That the facts tending to establish grounds for issuing a Search Warrant are as follows:

    NOW, THEREFORE, in the name of the State of Wisconsin, you are commanded forthwith to search the said premises and persons unknown within said premises for the property aforesaid, and you are hereby relieved of the requirement to knock and announce prior to entry, for the safety of the law enforcement officers involved, as well as citizens within or around said location to be searched, and in order to maintain the integrity of the evidence within said location to be searched, unless the conditions set forth within the attendant search warrant complaint have changed to render entry without announcement unnecessary, and return this Warrant within forty-eight hours, before the said Court.

WITNESS, the Honorable _____ Susan Cr_____, Judge of Circuit Court, Branch __1__, Dane County, Wisconsin, this 29th day of May 2024.

_____ — Susan Crawford
Judge
Dane County Circuit Court Branch____

ENDORSEMENT

Received by me this 29 day of May 2024, at 4:13, o'clock P.M.

_S Kellogg_
Samantha Kellogg
Detective
Madison Police Department

Ex. 2, Second Warrant Application and Warrant